A'HERN *v.* LIPSETT.

SALES—CONDITIONAL SALES—PAYMENT OF CONSIDERATION—INTER-
EST—WAIVER—TITLE TO GOODS.

> Where defendant sold plaintiff certain furniture for a consid-
> eration payable, with interest, in installments, reserving title
> until paid for, and plaintiff made payments from time to
> time, aggregating an amount equal to the principal, to de-
> fendant's agents, who made no claim for interest, and such
> agents rendered statements in which no claim for interest
> was made, but no authority to the agents was shown to waive
> interest, and there was no consideration for such waiver, the
> consideration was not wholly paid until the interest was paid,
> and defendant was the owner of the property and entitled to
> take possession of it.

Error to Chippewa; Steere, J. Submitted June 27,
1908. (Docket No. 108.) Decided September 10, 1908.

Replevin by Charles P. A'Hern against William F.
Lipsett. There was judgment for defendant on a verdict
directed by the court, and plaintiff brings error. Affirmed.

*F. T. McDonald,* for appellant.

*George B. Holden,* for appellee.

HOOKER, J. The learned circuit judge directed a ver-
dict for the defendant in this cause, and plaintiff has ap-
pealed.

The action is replevin for some bar fixtures which de-
fendant furnished to the plaintiff several years ago under
a contract of sale; title being reserved. Defendant took
possession of them for alleged nonpayment. It is admit-
ted that the price to be paid according to the contract was
$485, and interest at 8 per cent., in weekly payments of
$10, and that $485 was paid, the first payment being
made November 7, 1898, the last on November 27, 1905.

It is admitted that an amount equaling all accrued interest has not been paid. These payments were made to the local agents of the defendant (or to their bookkeeper, or driver of their beer wagon), and by them sent to the defendant's home office, and there indorsed on the contract. During this period defendant was furnishing plaintiff with beer through its local agents at Sault Ste. Marie. The plaintiff had a book in which the beer account and an account of the payments on the contract were kept on separate pages in defendant's agent's handwriting—a sort of passbook we infer—and this account showed some balances struck after payments, the last being: "Bal. 1905 —$45." Below this were nine $5 entries; the last two being November 27th. The plaintiff claims that the entire dealings with these agents warrant the inference that they made no claim for interest, and that this is corroborated by the account with its balances, kept on the book.

The contract bound plaintiff to pay interest. He has never done so. There is nothing in the case to warrant the inference that these agents had any authority to waive the payment of interest, or that defendant had any knowledge or suspicion that they were attempting to do so. It is admitted that there was no consideration for such waiver. The plaintiff knew that defendant claimed a balance due on the contract in the summer of 1906. The fixtures were not taken by defendant until the spring of 1907. He had, therefore, an opportunity to protect himself by payment. Under the undisputed facts the defendant's possession was lawful.

The judgment is affirmed.

GRANT, C. J., and BLAIR, MOORE, and McALVAY, JJ., concurred.